RUFFO, A MINOR, APPELLEE, *v.* RANDALL, D. B. A. DAVIS & RANDALL, APPELLANT.

(No. 445—Decided February 25, 1943.)

*Mr. Howard M. Nazor,* for appellee.
*Mr. Clyde L. Shaylor,* for appellant.

NICHOLS, J.  In the Common Pleas Court of Ashtabula county, Evelyn Ruffo, a minor, recovered a judg-

ment against Eldon L. Randall, d. b. a. Davis & Randall, in the amount of $2,500 for personal injuries resulting when the Dodge truck owned and operated by her mother ran into the rear of a tractor-trailer outfit owned by defendant and operated by his agent on U. S. route 20 a short distance west of Geneva, Ohio.

From the judgment of the Common Pleas Court, appeal on questions of law has been duly prosecuted to this court by defendant.

U. S. route 20 runs in a general easterly and westerly direction and is forty feet wide, the center twenty feet being of asphalt construction, on either side of which is a strip ten feet wide of concrete construction. On a clear, sunny afternoon in August, 1940, plaintiff, then thirteen years of age, was riding with her mother in the Dodge truck, proceeding in a westerly direction on the northerly ten-foot concrete strip of the highway. Also proceeding in a westerly direction on this northerly ten-foot concrete strip was the tractor-trailer outfit of the defendant. The Dodge truck in which plaintiff was riding had been following the tractor-trailer outfit of defendant for quite a distance, both traveling about 25 or 30 miles an hour, the driver of the Dodge truck making no effort to pass the tractor-trailer outfit. As the tractor-trailer outfit came near a certain driveway leading from the highway in a northerly direction, the operator slowed the speed thereof and was either turning into this driveway or about to do so when the Dodge truck ran into the rear of the trailer portion of the outfit causing plaintiff to be thrown from the Dodge truck, rendering her unconscious and producing certain injuries, among which was a cut entirely through the lower lip leaving a permanent scar about an inch long, also loosening a number of teeth, two of which had to be removed and others required professional treatment extending over a period of

about a year and a half for the purpose of straightening and tightening them. Plaintiff sustained certain other minor bruises and lacerations.

Defendant contends that he was guilty of no negligence which was a direct or proximate cause of plaintiff's injuries; that before turning into the driveway he duly caused to be given a signal, visible outside his vehicle, of his intention to so turn, in strict compliance with the mandatory requirement of Section 6310-22, General Code (now Sections 6307-38 and 6307-39, General Code) in that particular; that plaintiff's injuries were brought about by the sole negligence of her mother in the operation of the Dodge truck.

Defendant's assignments of error, except one concerning the charge of the court to the jury, are based upon the claim that the verdict is not sustained by sufficient evidence and the evidence is insufficient to sustain the cause of action set up in plaintiff's petition for the reason that there is a variance between the evidence and such stated cause of action.

In her petition, plaintiff alleged that the operator of defendant's tractor-trailer outfit "suddenly and without warning stopped said tractor-truck and semi-trailer directly in front of the Dodge truck in which this plaintiff was a passenger, causing the said Dodge truck * * * to strike the rear end of the semi-trailer * * * without causing signals to be given of his intention in a way visible outside said tractor-truck" and "failed to keep said tractor-truck and semi-trailer under reasonable and proper control."

Upon the trial plaintiff did not produce evidence that the tractor-trailer outfit had in fact stopped before the Dodge struck it, the testimony of plaintiff's mother being only that it *seemed to stop* and then turned into the driveway. The operator of the tractor-trailer outfit testified he did not stop on the highway but did

slow down to about 5 miles per hour immediately before turning into the driveway.

We do not think there was such material variance between the proof and allegations of the petition as to prejudice defendant or warrant the court in sustaining defendant's motion for directed verdict on this ground.

Whether the tractor-trailer outfit actually stopped or only seemed to stop or merely slowed down before turning into the driveway, the important material controverted fact in this case, so far as negligence *per se* of defendant is concerned, is whether the defendant complied with the specific requirement of Section 6310-22, General Code, by the giving of a signal visible outside his vehicle of his intention to stop, turn or change his course.

The operator of defendant's outfit testified positively that he caused such signal to be given and his testimony on this subject was strongly supported by another witness who claimed to have seen such signal given. Plaintiff and her mother testified they were watching defendant's outfit for some distance and that they saw no such signal given, the mother testifying positively that defendant "never put any sign that he wanted to turn or stop."

The record discloses testimony given by three witnesses substantially to the effect that immediately after the accident plaintiff's mother, the operator of the Dodge truck, said she did not see the tractor until she struck it. Such statement is denied by the mother.

Although it may be argued it is incredible that plaintiff's mother would have driven the Dodge truck into the rear of the tractor-trailer outfit of the defendant had she been keeping a lookout ahead as claimed by her, especially in view of the fact that the record does not contain any evidence indicating otherwise than that the lane immediately south of that in which these

motor vehicles were traveling was clear and free of traffic, nevertheless, in the state of the record, a controverted question was presented for determination of the jury, both upon the proposition whether the defendant complied with the mandatory provisions of Section 6310-22, General Code, and whether such failure was a proximate cause of plaintiff's injuries.

It must be kept in mind that in the absence of negligence upon the part of this minor plaintiff which directly and proximately contributed to her own injuries, she was entitled to recover in this action even though the jury should find that both the driver of defendant's outfit and plaintiff's mother were guilty of negligence which combined directly and proximately to produce plaintiff's injuries.

It has not been suggested that the jury should have found plaintiff negligent in this case. The motion for directed verdict made by defendant was based upon the ground that defendant was not in any manner guilty of negligence which was a proximate cause of plaintiff's injuries. As stated above, these questions were for the jury.

Defendant complains that the trial court, in its charge to the jury concerning the obligations of plaintiff's mother in the operation of her truck, said, "She was required to be in the exercise of ordinary care in the operation of her said motor vehicle," and that the trial court did not in its charge instruct the jury as to the statutory obligation of the mother to so operate the Dodge truck that she could stop the truck within the assured clear distance ahead.

The issue as to the mother's negligence, either *per se* or under the common law, was only incidentally in this case as bearing upon the issue of the negligence of the defendant and its proximate cause. The failure of the court to instruct the jury as to the duty of plaintiff's

mother to operate the Dodge truck at the time and place at such speed that she could stop it within the assured clear distance ahead, was a mere matter of omission in that respect, and the record discloses that no request was made by counsel for defendant that the court charge upon the assured clear distance ahead provisions of Section 12603, General Code (now Section 6307-21, General Code), in relation to the operation of the Dodge truck, although the court inquired of counsel at the conclusion of its charge whether there were any suggestions as to further charge. There was no prejudicial error in this respect.

Complaint is further made by defendant that the court erred in its general charge to the jury wherein it was stated:

"And said operator" (referring to the operator of the Dodge truck) "had a right to assume, in the absence of knowledge to the contrary, that the defendant, through its agent and driver, in operating its tractor-trailer and in stopping the same, if he did stop same, or change its course, would comply with Section 6310-22, with reference to stopping, which section has been called to your attention."

It is argued by counsel for defendant that since there was no evidence in the record indicating that the tractor-trailer had actually stopped on the highway, this language of the court was confusing to the jury. It must be remembered that the driver of the Dodge truck testified that the tractor-trailer outfit seemed to stop. The record clearly discloses that the tractor-trailer did in fact change its course by turning into the driveway to the north. Section 6310-22, General Code, was, therefore, applicable to the operation of defendant's outfit. Whether the driver of the Dodge truck had the right to assume, in the absence of notice or knowledge to the contrary, that the driver of defend-

ant's outfit would comply with the provisions of the section with reference to signals visible outside the motor vehicle, depends upon the character of the negligence of which the operator of the Dodge truck may have been guilty. As to any common-law negligence of the operator of the Dodge truck, she did have the right, in the absence of notice or knowledge to the contrary, to assume that the operator of defendant's outfit would comply with Section 6310-22, General Code, with reference to signals before stopping, turning or changing its course. But as to negligence *per se* of the operator of the Dodge truck, if any had been suggested by defendant, the operator of the Dodge truck could not rely upon any such assumption as an excuse for her failure to comply with the specific requirement of Section 12603, General Code, to operate her truck at such a speed that she could stop the same within the assured clear distance ahead. The operator of a motor vehicle upon the public highways who has failed to comply with a specific requirement of the statute can escape the implication of negligence *per se* only by proving that because of circumstances beyond his control compliance with the statute was not possible.

Since the charge of the court to the jury was based upon the theory that any negligence of the operator of the Dodge truck was such only as at common law, and since upon request of the court for further suggestions as to charge no request was made by defendant for charge in relation to any specific requirement of law, we do not find prejudicial error in the charge of the court in the respect complained of; nor do we think that the jury was in any way confused or misled thereby, and especially since any negligence of the driver of the Dodge truck would not defeat plaintiff's right of recovery if the jury should find that plaintiff's injuries were the direct and proximate result of neg-

ligence of the defendant, that issue being for the jury under the contradictory state of the evidence.

It is urged in the brief of defendant that the verdict of the jury is excessive, but counsel did not so contend upon oral argument of the case. We have examined the record with reference to the injuries of plaintiff and can not say that the verdict was not supported by the evidence.

During the course of cross-examination of two of defendant's witnesses, there was developed the fact that at least one of these witnesses was present in court by request of an agent of an insurance company and that the witness had been promised by such agent that he would be reimbursed for his time and expenses in attending the trial, the witness not having appeared in response to subpoena. We do not believe that prejudicial error arose by reason of the fact that counsel for plaintiff, in developing the reason for the appearance of certain witnesses of the defendant, brought out the fact that an agent of an insurance company had interviewed the witnesses and had agreed to see that they were compensated for their time and expenses, no bad faith being shown or appearing.

We have examined all of the errors urged in this case on behalf of the defendant and arrive at the conclusion that no error prejudicial to the rights of the defendant intervened in the trial of this case and that substantial justice has been done between the parties.

The judgment of the Common Pleas Court is, therefore, affirmed.

*Judgment affirmed.*

PHILLIPS, P. J., and CARTER, J., concur.